People v Amato (2025 NY Slip Op 02276)

People v Amato

2025 NY Slip Op 02276

Decided on April 17, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 17, 2025

Before: Manzanet-Daniels, J.P., Kennedy, Kapnick, Scarpulla, Higgitt, JJ. 

Ind No. 4926/17|Appeal No. 4126|Case No. 2019-5872|

[*1]The People of the State of New York, Respondent,
v
Giacomo Amato, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Ben A. Schatz of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Addison Eisley of counsel), for respondent.

Judgment, Supreme Court, New York County (Ruth Pickholz, J.), rendered April 15, 2019, convicting defendant, after a jury trial, of burglary in the second degree, and criminal possession of a controlled substance in the seventh degree, and sentencing him, as a second felony offender, to an aggregate term of five years, unanimously affirmed.
Defendant's claim that the court's Sandoval ruling was an abuse of discretion (see People v Hayes , 97 NY2d 203, 207-208 [2002]) is unpreserved, and we decline to review it in the interest of justice. While defense counsel opposed the ruling advocated by the prosecution, which would have permitted inquiry into the names of the two felonies defendant was convicted of, and into the underlying facts of two of his petit larceny convictions, counsel did not object to the court's ultimate ruling, which allowed the People to ask defendant if he had 2 felony convictions and 13 misdemeanor convictions but prohibited further inquiry into the nature or underlying facts of the convictions (see People v McCallister , 245 AD2d 184, 184 [1st Dept 1997], lv denied 91 NY2d 894 [1998]).
As an alternative holding, we find that the court's ruling was not an abuse of discretion (see People v Walker , 83 NY2d 455 [1994] [court's ruling was "sensitive[] to the particular prejudice that may result when a jury is made aware of the fact that the defendant has previously committed crimes that are similar to the charged crime"]). In any event, any error would have been harmless.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 17, 2025